PETER W. ALFERT, SBN 83139
HINTON ALFERT & KAHN LLP
200 Pringle Ave., Suite 450
Walnut Creek, California 94596
Telephone: (925) 279-3009
Facsimile: (925) 279-3342

TODD BOLEY, SBN 64119
1212 Broadway, 16th Floor
Oakland, CA 94612
Telephone: (510) 836-4500
Facsimile: (510) 649-5170

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY EVANS, MEGAN EVANS, M.E., a minor by and through his guardian ad litem LARRY EVANS, TERESA GREEN, A.S., a minor by and through his guardian ad litem TERESA GREEN, HEATHER CARRANZA, L.C., a minor by and through her guardian ad litem HEATHER CARRANZA, <br><br> Plaintiffs, <br><br> v. <br><br> ANTIOCH UNIFIED SCHOOL DISTRICT, THERESA ALLEN-CAULBOY, MICHAEL GREEN, DAVID WAX, KEITH ROGENSKI, KAI MONTGOMERY, and DOES 1-30, <br><br> Defendants. | No. C13-1476 LB <br><br> **COMPLAINT FOR DAMAGES** <br><br> [JURY DEMANDED] |

Plaintiffs LARRY EVANS, MEGAN EVANS and M.E., a minor by and through his guardian ad litem LARRY EVANS (hereinafter "M.E."), TERESA GREEN and A.S., a minor by and through his guardian ad litem TERESA GREEN (hereinafter "A.S."), HEATHER CARRANZA and L.C., a minor by and through her guardian ad litem HEATHER CARRANZA (hereinafter "L.C.") allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiffs' federal law claims is founded upon 28 U.S.C. § 1331 [federal question jurisdiction] and 28 U.S.C. § 1343(a)(3) [federal civil rights jurisdiction]. All claims for violation of Plaintiffs' rights under the laws and the constitution of the United States are brought

COMPLAINT FOR DAMAGES — 1 —

pursuant to 42 U.S. C. § 1983.

## INTRADISTRICT ASSIGNMENT

2.  This case arose in Contra Costa County, California and, pursuant to Rule 3-3(c) of the Local Rules of the Northern District of California, should be assigned to either the San Francisco or Oakland Division of the Northern District.

## PARTIES

3.  Plaintiff LARRY EVANS is a resident of the City of Antioch, County of Contra Costa, California. He brings this action on his own behalf and as guardian ad litem for his son, M.E.

4.  Plaintiff MEGAN EVANS is a resident of the City of Antioch, County of Contra Costa, California. She brings this action on her own behalf.

5.  Plaintiff M.E. is a minor and a resident of the City of Antioch, County of Contra Costa, California.

6.  Plaintiff TERESA GREEN is a resident of the City of Antioch, County of Contra Costa, California. She brings this action on her own behalf and as guardian ad litem for her son, A.S.

7.  Plaintiff A.S. is a minor and a resident of the City of Antioch, County of Contra Costa, California.

8.  Plaintiff HEATHER CARRANZA is a resident of the City of Antioch, County of Contra Costa, California. She brings this action on her own behalf and as guardian ad litem for hers son, L.C.

9.  Plaintiff L.C. is a minor and a resident of the City of Antioch, County of Contra Costa, California.

10. At all times relevant to this complaint, defendant Theresa Allen-Caulboy ("ALLEN-CAULBOY") was a teacher employed by the Antioch Unified School District ("AUSD"), Antioch, California. All actions alleged herein by ALLEN-CAULBOY were taken under color of state law and in the course and scope of her employment with the AUSD.

11. Defendant Michael Green ("GREEN") is the principal of MNO Grant Elementary School in the AUSD. All actions alleged herein by GREEN were taken under color of state law and in the course and scope of his employment with the AUSD.

12. Defendant Dr. David Wax ("WAX") is the Director of Special Education for the AUSD. All actions alleged herein by WAX were taken under color of state law and in the course and scope of his employment with the AUSD.

13. Defendant Keith Rogenski ("ROGENSKI") is the Assistant Superintendent in charge of human resources for the AUSD. All actions alleged herein by ROGENSKI were taken under color of state law and in the course and scope of his employment with the AUSD.

14. Defendant Kai Montgomery ("MONTGOMERY") is the Coordinator of Special Education for the AUSD. All actions alleged herein by MONTGOMERY were taken under color of state law and in the course and scope of her employment with the AUSD.

15. The AUSD is a public entity duly incorporated and operating under California law as a school district. Defendant AUSD is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§ 11135 and 4450, et seq., and to all other legal requirements referred to in this Complaint.

16. In enacting Title II of the Americans with Disabilities Act Congress validly abrogated state sovereign immunity, and thus AUSD may be sued pursuant to Title II. *Hason v. Med. Bd. of California*, 279 F.3d 1167, 1170 (9th Cir. 2002). By accepting Federal Rehabilitation Act funds, AUSD waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to § 504 of the Rehabilitation Act of 1973. *Pugliese v. Dillenberg*, 346 F.3d 937 (9th Cir. 2003)

17. The true names and capacities of defendants sued as DOES 1 through 30 are unknown to Plaintiffs and Plaintiffs pray leave to amend to allege the true names and capacities when they are ascertained.

18. At all relevant times set forth herein, all Defendants acted in concert and as the agent of one another.

COMPLAINT FOR DAMAGES - 3 -

# FACTUAL ALLEGATIONS

## A. ALLEGATIONS RELATING TO PLAINTIFF M.E.

19. M.E. was born on May 9, 2007 and has been diagnosed with autism. Larry and Megan Evans are his parents.

20. On or about October, 2012, M.E. was a special education student at MNO Grant Elementary School in Antioch, California, assigned by the AUSD to the classroom of Special Day Class teacher defendant ALLEN-CAULBOY. When he was assigned to ALLEN-CAULBOY's classroom, M.E. did not speak. He was five years old and weighed approximately 60 pounds.

21. Plaintiffs are informed and believe and thereon allege that M.E. and other special needs students were subjected to ongoing verbal and physical abuse in ALLEN-CAULBOY's classroom. While in ALLEN-CAULBOY's classroom, the teacher struck M.E., repeatedly held him on the ground with her knee, and forcibly gouged his face. M.E. observed other students being struck, pinched and subjected to other forms of physical abuse. M.E. heard the teacher verbally abuse students and refer to them by derogatory names.

22. Prior to entering MNO Grant Elementary School, M.E. had attended school for two years in Clark County, Nevada. He was eager to attend and enjoyed school. While in ALLEN-CAULBOY's classroom, M.E.'s behavior underwent very significant adverse changes. He no longer wanted to go to school and came home crying. Because he is nonverbal, M.E. was unable to describe what was happening to him in ALLEN-CAULBOY's classroom. M.E. became fearful of having a shirt placed over his head and began to strenuously resist attempts by his parents to place any garment over his head. M.E. also began acting aggressively towards his parents and siblings. All of these behavioral changes were noticed during his attendance in ALLEN-CAULBOY's class and were not behaviors he had previously exhibited. While M.E. appears to now again enjoy attending class at a new school, the other behaviors described have continued to this day.

23. Megan Evans and Larry Evans reported to defendants ALLEN-CAULBOY and MONTGOMERY on numerous occasions the alarming changes in behavior they were observing in M.E.. Megan Evans and Larry Evans contacted ALLEN-CAULBOY and MONTGOMERY via telephone on at least nineteen separate occasions yet no employee of the AUSD took any steps to

determine the source of the drastic behavior changes in M.E. nor took any steps to stop ALLEN-CAULBOY's abuse of M.E. and other children in the classroom.

24. The Evans did not know their child was being abused in ALLEN-CAULBOY's class, but they were very concerned about the impact that continued assignment to the class was having on M.E.. Eventually, the Evans became so disturbed by the distress M.E. was manifesting and were so dissatisfied with the lack of response by the District, they held M.E. back from school.

25. After the Evans removed M.E. from the school, the AUSD reassigned M.E. to Turner Elementary School in January, 2013.

26. On or about March 13, 2013, the Evans were contacted by Detective Meads of the Antioch Police Department regarding a criminal investigation of ALLEN-CAULBOY. Detective Meads described to them the physical abuse that M.E. had endured at the hands of ALLEN-CAULBOY. The Evans contacted MONTGOMERY and WAX, the Director of Special Education. WAX stated that the District had conducted an "investigation" of ALLEN-CAULBOY. He confirmed the information the Evans had received from Detective Meads. WAX stated that ALLEN-CAULBOY had been placed on administrative leave and had resigned from employment with the AUSD.

27. Prior to March 13, 2013, the Evans did not suspect and had no reason to suspect, that the AUSD was intentionally failing to provide information concerning their son's abuse and injuries. Nor did they know that ALLEN-CAULBOY's classroom was an unhealthy educational setting for M.E. and a hostile environment based on his disability.

28. Larry Evans and Megan Evans are informed and believe and thereon allege that ALLEN-CAULBOY physically abused and injured their son on various occasions and furthermore psychologically and emotionally abused their son. Larry Evans and Megan Evans are further informed and believe and thereon allege that ALLEN-CAULBOY's classroom was a hostile environment for M.E. based on his disability.

29. The unreasonable, excessive and unwarranted battery on M.E. caused him and will continue to cause him physical injury, pain and emotional distress. AUSD employees compounded the injury by failing to promptly report it to M.E.'s parents or to responsible officials.

30. ALLEN-CAULBOY's classroom was an unhealthy educational setting for M.E. and a hostile environment based on his disability.

**B. ALLEGATIONS RELATING TO PLAINTIFF A.S.**

31. A.S. was born on January 23, 2006 and has been diagnosed with autism. Teresa Green is his mother.

32. On or about September, 2012, A.S. was a special education student at MNO Grant Elementary School in Antioch, California, assigned by the AUSD to the classroom of Special Day Class of defendant ALLEN-CAULBOY.

33. During the period A.S. was a student in ALLEN-CAULBOY's class, A.S. exhibited signs of anxiety, was sleeping poorly and waking at night, all of which were behavioral changes. A.S. also appeared to be anxious about going to school as he indicated on various occasions that he did not want to go to school. On a number of occasions, A.S. remarked "Bad Miss Caulboy". Teresa Green did not understand that one or more of the adults in the classroom were abusing A.S.

34. A.S. and other special needs students were subjected to ongoing verbal and physical abuse in ALLEN-CAULBOY'S classroom including, but not limited to the following incidents:

35. On or about January 15, 2013, A.S. indicated he did not want to go to school and when they arrived to school he indicated to his mother that the teacher's aide "Tasha" had hurt his hand.

36. On or about January 17, 2013, Ms. Green received a telephone call and was informed by an employee of AUSD that her son A.S. had been physically injured in the classroom by his teacher defendant ALLEN-CAULBOY. Ms. Green was told that ALLEN-CAULBOY pinched A.S.'s nipple in an attempt to "get him to comply" with her request. Ms. Green was further informed that ALLEN-CAULBOY often yelled at A.S. using derogatory terms including "retard" and used inappropriate physical force against A.S.

37. As a result of receiving this information, Ms. Green made a report to the Antioch Police Department in January, 2013. Ms. Green's report to police resulted in a police investigation into how he was injured and who was responsible for his injuries.

38. A.S. has very limited ability to communicate. Based on the information received by

COMPLAINT FOR DAMAGES - 6 -

Teresa Green in January, 2013, she now believes that ALLEN-CAULBOY's classroom was an unhealthy educational setting for A.S. and a hostile environment based on his disability.

39. Subsequently, Ms. Green spoke with WAX, the Director of Special Education for the AUSD. Ms. Green described to WAX the physical and emotional abuse her son was experiencing in ALLEN-CAULBOY's classroom and she advised him of her concerns relating to A.S.'s safety. WAX advised Ms. Green that the AUSD was "aware" of other incidents involving ALLEN-CAULBOY but that he could not discuss the details of other complaints due to an ongoing "investigation".

40. On February 15, 2013, Teresa Green received a letter from MNO Grant Elementary Principal defendant GREEN. The letter advised parents that Special Day Class teacher defendant ALLEN-CAULBOY had "resigned her teaching position with the AUSD" and would not be returning to MNO Grant Elementary School.

41. Teresa Green is informed and believes and thereon alleges that ALLEN-CAULBOY physically abused and injured her son on various occasions and furthermore psychologically and emotionally abused her son. Teresa Green is further informed and believes and thereon alleges that ALLEN-CAULBOY's classroom was a hostile environment for A.S. based on his disability.

42. Prior to January 15, 2013, Teresa Green did not suspect and had no reason to suspect that the AUSD was intentionally failing to provide information concerning her son's injuries.

43. The unreasonable, excessive and unwarranted battery on A.S. caused him and will continue to cause him physical injury, pain and emotional distress. AUSD employees compounded the injury by failing to promptly report it to A.S.'s parent or to responsible officials.

C. ALLEGATIONS RELATING TO PLAINTIFF L.C.

44. L.C. was born on March 30, 2007 and has been diagnosed with autism. Heather Carranza is her mother.

45. During the 2012/2013 school year, L.C. was a special education student at MNO Grant Elementary School in Antioch, California, assigned by the AUSD to the classroom of Special Day Class teacher defendant ALLEN-CAULBOY.

COMPLAINT FOR DAMAGES                           - 7 -

46. L.C. and other special needs students were subjected to ongoing verbal and physical abuse in ALLEN-CAULBOY's classroom including, but not limited to the following incidents:

47. On or about December, 2012, Heather Carranza noticed physical injuries on L.C.'s body and asked her daughter how she had been injured. L.C. told her mother that her teacher, defendant ALLEN-CAULBOY, had injured her.

48. Heather Carranza is informed and believes and thereon alleges that ALLEN-CAULBOY physically abused and injured her daughter on various occasions and furthermore psychologically and emotionally abused her daughter. Heather Carranza is further informed and believes and thereon alleges that ALLEN-CAULBOY's classroom was a hostile environment for L.C. based on her disability.

49. As a result of receiving this information, Heather Carranza made an immediate telephone report to the principal of MNO Grant Elementary School, defendant GREEN in December, 2012 leaving a detailed voicemail message which complained of ALLEN-CAULBOY's conduct and advising GREEN of the abuse occurring in this classroom.

50. In January, 2013, Heather Carranza observed multiple bruises on L.C.'s body. L.C. told her mother that ALLEN-CAULBOY had squeezed her elbow which left a visible bruise and had pushed her down.

51. Heather Carranza made a further telephone report to GREEN in January, 2013 again leaving a voicemail message reporting incidents in which ALLEN-CAULBOY injured L.C..

52. When GREEN did not return her call, Heather Carranza made additional calls to him in an attempt to discuss this serious matter with him.

53. When she finally reached GREEN by telephone, GREEN advised Heather Carranza to put her complaint in writing, which she did by sending him an email describing her concerns.

54. GREEN and other mandated reporters employed by the AUSD failed to report the suspected child abuse as required by the Child Abuse and Neglect Reporting Act. On information and belief, employees of the AUSD instead caused an investigation of Ms. Carranza by the Child and Family Services Bureau despite their knowledge that ALLEN-CAULBOY was in fact the person physically abusing L.C. and other children in the class.

COMPLAINT FOR DAMAGES                              - 8 -

55. Based on the information received by Ms. Carranza in December, 2012, and January, 2013, she believes that ALLEN-CAULBOY's classroom was an unhealthy educational setting for L.C. and a hostile environment based on her disability.

56. On February 15, 2013, Ms. Carranza received a letter from MNO Grant Elementary Principal defendant GREEN. The letter advised parents that Special Day Class teacher defendant ALLEN-CAULBOY had "resigned her teaching position with the AUSD" and would not be returning to MNO Grant Elementary School.

57. Prior to December, 2012, Heather Carranza did not suspect and had no reason to suspect that the AUSD was intentionally failing to provide information concerning her daughter's injuries.

58. The unreasonable, excessive and unwarranted battery on L.C. caused her and will continue to cause her physical injury, pain and emotional distress. AUSD employees compounded the injury by failing to promptly report it to A.S.'s parent or to responsible officials.

### D. ALLEGATIONS COMMON TO ALL PLAINTIFFS

59. On information and belief, Defendants GREEN, WAX, ROGENSKI and MONTGOMERY and other unknown district and school officials, received reports from several sources that ALLEN-CAULBOY was physically and verbally abusing children in her classroom. Defendants failed to act on the reports that they received and attempted to prevent parents from reporting suspicions of child abuse to police agencies. As such, they were deliberately indifferent to the likelihood that students in ALLEN-CAULBOY's classroom would be subjected to violations of their constitutional rights.

60. On information and belief, all of the children in ALLEN-CAULBOY's classroom were subjected to a hostile educational environment based on their disability. They were subjected to - and observed other children being subjected to - demeaning and insulting language, hostile and aggressive interactions with teachers and aides, and physical abuse including but not limited to hitting, gouging, pinching and restraining children. The physical abuse was severe enough to cause bruising and other injuries. The verbal abuse caused children intense fear and other psychological damage which continue to the present.

COMPLAINT FOR DAMAGES - 9 -

61. On information and belief, GREEN, WAX, ROGENSKI, MONTGOMERY and other unknown district and school officials, were aware of the incidents and of the potential for continuing harm to the children in ALLEN-CAULBOY's classroom, but failed to promptly inform them. As a result, Plaintiffs Larry Evans, Megan Evans, Teresa Green and Heather Carranza were deprived of the ability to comfort their children or to provide appropriate counseling, medical and/or psychological care. The failure to advise the parents promptly gave rise to the severe emotional distress in that they suffered a loss of trust in school officials and felt betrayed that they did not learn what their children had experienced at the time of the injuries when they could have responded immediately with appropriate parental support and care.

62. As a further proximate result of Defendants' action as alleged herein, minor Plaintiffs M.E., A.S. and L.C. have suffered physical injuries and pain and emotional distress and suffering. Plaintiffs Larry Evans, Megan Evans, Teresa Green and Heather Carranza have suffered emotional distress and suffering.

63. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs Larry Evans, Megan Evans, Teresa Green and Heather Carranza have incurred and will continue to incur medical expenses.

64. Defendants ALLEN-CAULBOY, GREEN, WAX, ROGENSKI and MONTGOMERY's conduct was malicious and/or in reckless disregard of the plaintiffs' rights.

65. Plaintiffs have filed claims with AUSD pursuant to Government Code §§ 910, et seq. AUSD has not responded to the claims. In the event they are denied plaintiffs will seek leave to court to amend the complaint to allege additional causes of action.

### FIRST CLAIM FOR RELIEF

#### (Violation of Constitutional Rights, 42 U.S.C. § 1983)

66. Plaintiffs incorporate and reallege by reference the foregoing paragraphs 1 through 65 inclusive, as if they were fully set forth herein.

67. Defendant ALLEN-CAULBOY violated minor Plaintiffs M.E., A.S. and L.C.'s rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to utilizing unjustified and unreasonable force against minor Plaintiffs.

68. Defendant GREEN, WAX, ROGENSKI and MONTGOMERY violated minor Plaintiffs M.E., A.S. and L.C.'s rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to plaintiffs from ALLEN-CAULBOY.

69. Defendants ALLEN-CAULBOY, GREEN, WAX, ROGENSKI and MONTGOMERY violated Plaintiffs Larry Evans, Megan Evans, Teresa Green and Heather Carranza and M.E., A.S. and L.C.'s rights under the Due Process Clause to the Fourteenth Amendment to the United States Constitution by actions, including but not limited to:

a. Intentionally interfering with the parent child relationship by concealing information regarding the physical and emotional trauma inflicted on M.E., A.S. and L.C. by ALLEN-CAULBOY.

b. Intentionally interfering with Larry Evans, Megan Evans, Teresa Green, Heather Carranza and M.E., A.S. and L.C.'s right to provide and receive nurture, support and comfort regarding a highly traumatic event.

70. As a proximate result of the violations alleged in paragraphs 66 - 69, Plaintiffs have suffered damages as heretofore alleged.

## SECOND CLAIM FOR RELIEF

### (Discrimination in Violation of the Americans With Disabilities Act.)

71. Plaintiffs M.E., A.S. and L.C. incorporate and reallege by reference the foregoing paragraphs 1 through 70, inclusive, as if they were fully set forth herein.

72. Effective January 26, 1992, plaintiffs M.E., A.S. and L.C. were entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC § 12131, section 201 of the ADA.

73. Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiffs M.E., A.S. and L.C. were at all times relevant herein a qualified

individual with a disability as therein defined.

74. AUSD has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

75. AUSD has further failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove by subjecting plaintiff to a hostile educational environment.

76. As a result of AUSD's failure to comply with its duty under Title II, plaintiff M.E., A.S. and L.C. have suffered damages including special and general damages according to proof.

## THIRD CLAIM FOR RELIEF

### (Violation of § 504 of the Rehabilitation Act of 1973)

77. Plaintiffs M.E., A.S. and L.C. incorporate and reallege by reference the foregoing paragraphs 1 through 76, inclusive, as if they were fully set forth herein.

78. Plaintiffs are informed and believe and therefore allege that AUSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

79. By their actions or inactions in denying equal access to educational services and by subjecting plaintiffs M.E., A.S. and L.C. to a hostile educational environment, defendant has violated plaintiff M.E., A.S. and L.C. rights under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.

80. As a result of the District's failure to comply with its duty under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder, plaintiffs M.E., A.S. and L.C. have suffered damages including special and general damages according to proof.

### JURY DEMAND

Plaintiff hereby demands that this matter be tried to a jury.

**PRAYER**

WHEREFORE, Plaintiffs prays for judgment as follows:

1. Compensatory damages to Plaintiffs for injury and for medical expenses;
2. Punitive damages against Defendants ALLEN-CAULBOY, GREEN, WAX, ROGENSKI and MONTGOMERY, and each of them;
3. Attorney's fees and costs; and
4. Such other and further relief as the court deems just and proper.

Dated: April 2, 2013                    HINTON ALFERT & KAHN LLP

_____
PETER W. ALFERT
Attorneys for Plaintiffs

Dated: April 2, 2013                    LAW OFFICE OF TODD BOLEY

_____
TODD BOLEY
Attorneys for Plaintiffs